UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

| | |
|---|---|
| MARTA JO HIESHETTER, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:15-cv-500 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| JOHN LAWRENCE HIESHETTER, ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Defendant. ) | |
| _____ ) | |

This is a civil action brought *pro se* by Marta Jo Hieshetter against John Lawrence Hieshetter. This is plaintiff's second lawsuit in the United States District Court for the Western District of Michigan arising from domestic relations proceedings in Kent County Circuit Court.[1] In this case, plaintiff seeks appellate review in this court of all opinions and orders entered by Michigan's courts in her litigation against Mr. Hieshetter: Kent County Circuit Court Case No. 09-01357-DO, Michigan Court of Appeals Case No. 320180, and Michigan Supreme Court Case No. 150485.

This court granted plaintiff leave to proceed *in forma pauperis* in light of her indigence. (docket # 3). For the reasons set forth herein, I recommend that plaintiff's complaint be dismissed for lack of subject-matter jurisdiction.

---

[1] Marta Jo Hieshetter named Mr. Hieshetter and others as defendants in her earlier lawsuit. *Hieshetter v. Aaron Sawyer, et al.*, 1:14-cv-176. Proceedings in this court terminated with the entry of judgment on February 11, 2015. On February 23, 2015, Ms. Hieshetter filed a notice of appeal. Her appeal, Case No. 15-1194, is pending before the United States Court of Appeals for the Sixth Circuit.

Federal courts are courts of limited jurisdiction, which may exercise only those powers authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see Vander Boegh v. Energy Solutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014). Therefore, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (citations omitted). The first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see also Vander Boegh*, 772 F.3d at 1063. Plaintiff has the burden of proving this court's jurisdiction. *See Giesse v. Secretary of Dep't of Health & Human Servs.*, 522 F.3d 697, 702 (6th Cir. 2008).

This court does not possess appellate oversight powers over Michigan's courts. *See In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). The recourse available to plaintiff in response to an adverse decision of a state circuit court was an appeal to the Michigan Court of Appeals, an application for leave to appeal to the Michigan Supreme Court, and if necessary, an application to the United States Supreme Court for a writ of certiorari.

### Recommended Disposition

For the foregoing reasons, I recommend that plaintiff's complaint be dismissed for lack of subject-matter jurisdiction.

Dated:  July 13, 2015              /s/  Phillip J. Green
                                   United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).