UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTA JO HIESHETTER,

        Plaintiff,

                              Case No. 1:15-CV-500

v.

                              HON. ROBERT HOLMES BELL

JOHN LAWENCE HIESHETTER,

        Defendant.

_____/

**ORDER APPROVING AND ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On July 13, 2015, United States Magistrate Judge Phillip J. Green issued a report and recommendation ("R&R") recommending that Plaintiff Marta Jo Hieshetter's complaint be dismissed for lack of subject-matter jurisdiction. (ECF No. 15.) Plaintiff filed objections to the R&R on July 22, 2015. (ECF No. 16.)

This Court is required to make a de novo determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Plaintiff objects to the R&R for the reasons stated in the briefs she filed in response to Defendant's motion to dismiss for lack of subject matter jurisdiction (ECF No. 11) and in support of this case (ECF No. 12). The briefs Plaintiff relies on were filed before the Magistrate Judge issued his R&R and they fail to specify what objections Plaintiff has to the R&R. Plaintiff's reliance on these briefs does not satisfy the requirement that an objection be filed. Accordingly, the Court is not required to conduct a de novo review of the R&R.

Moreover, even if Plaintiff's objections were sufficient to trigger de novo review, the Court would nevertheless come to the same conclusion as the Magistrate Judge: the Court lacks subject matter jurisdiction over Plaintiff's complaint.[1] Federal courts have an independent obligation to determine their own subject-matter jurisdiction. *Shweika v. Dep't of Homeland Sec.*, 723 F.3d 710, 719 (6th Cir. 2013). If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3). The court is also required to dismiss any action brought in forma pauperis if the complaint fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2). Here, Plaintiff's complaint (ECF No. 1) and her brief in support of the complaint (ECF No. 12) make it abundantly clear that through this action Plaintiff is seeking appellate review of orders entered in her state court domestic relations action. For the reasons stated in the R&R, this Court lacks subject matter jurisdiction over Plaintiff's claims. Accordingly,

---

[1] In light of the Magistrate Judge's independent assessment that this Court lacks subject matter jurisdiction over Plaintiff's complaint, the Court need not address Defendant's motion to dismiss Plaintiff's claims for lack of subject matter jurisdiction.

**IT IS HEREBY ORDERED** that Plaintiff's objections to the R&R (ECF No. 16) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the July 13, 2015, R&R (ECF No. 15) is **APPROVED** and **ADOPTED** as the opinion of the Court.


Dated: October 15, 2015                              /s/ Robert Holmes Bell
                                                     ROBERT HOLMES BELL
                                                     UNITED STATES DISTRICT JUDGE